UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BERTHA BEDOYA,

     Plaintiff,      06 CV 2313 (RWS)

  -against-

ED-JAVONNE INC., d/b/a
EUROVISION OPTICAL GROUP,

     Defendant.
-----------------------------------------------------------------X

## DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF
## MATERIAL UNCONTESTED FACTS

  Defendant, by its attorneys, Ballon Stoll Bader & Nadler, P.C., asserts the following as uncontested material facts:

1. Defendant is a New York corporation and does business in New York. . (Complaint ¶ 2, Exhibit A Answer ¶ 2, Exhibit B)

2. Defendant operates a store called Eurovision Optical Corp located at 107C West 37th Street, New York, New York (Li Aff. ¶ 2, Exhibit I)

3. Plaintiff was employed in defendant's store August, 1998- August, 2005 (Torres Dep., April 23, 2007, 17/ 25- 18/2, Exhibit F)

4. From 1999 to February 2001, plaintiff worked at the store part time. (Haddad Dep. April 23, 2007, 9/11-19, Exhibit E)

5. Subject to her many absences from work, her "breaks", tardiness and habitual leaving work early, Plaintiff started working for defendant full time in February 2001. (Haddad Dep, April 23, 2007, 9/19, Exhibit E)

6. From January to July 2001, plaintiff worked from 9:15 a.m. - 5:45 p.m. Monday, Tuesday, Wednesday and Friday and 9:15 a.m. – 6:30 p.m. on Thursday. (Haddad Dep., April 23, 2007, p. 8/25- p. 9/4, Exhibit E)

7. Every other week plaintiff worked Saturday 10:30 a.m - 4:30 p.m. instead of a full day Wednesday. (Haddad Dep., April 23, 2007, 6/20-24, 9/5-6, Exhibit E)

8. After July 2001, plaintiff worked 9 a.m. – 6 p.m. Monday, Tuesday, Wednesday and Friday, and 9 a.m. – 7 p.m. Thursday.  (Torres Dep., April 23, 2007, 64/12-13, Exhibit F)

9. This schedule lasted for three years at which point Eurovision's hours changed from Thursday 9 a.m. – 7 p.m. to 9 a.m. – 630 p.m. (Irizarry Aff., ¶ 5, Exhibit H)

10. On August 16, 2005, plaintiff worked her last day at Eurovision. (Torres Dep., April 23, 2007, 52/10, Exhibit F)

11. During the time plaintiff worked for Eurovision her workday included a mandatory hour break for lunch and a maximum allowable fifteen minute break in the afternoon. (Li Aff., ¶ 8, Exhibit I)

12. "Dr. Haddad, the owner and president of Eurovision encouraged and insisted that employees take the full hour for lunch" (Li Aff., ¶ 8, Exhibit I)

13. Plaintiff took at least one hour off as a lunch break every day (Haddad Dep., April 23, 2007, 44/22-23, Exhibit E)

14. Plaintiff also took the 15 minute break every day. (Li Aff. ¶ 9, Exhibit I)

15. In addition to her other breaks, plaintiff frequently left the store to go shopping at Macy's Hallmark, and other stores to buy gifts and cards for her mother, father,

boyfriend, and brother, thereby taking unauthorized breaks. (Irizarry Aff. ¶ 10, Exhibit H)

16. Plaintiff also made numerous personal phone calls every day totaling 1-2 hours a day (Irizarry Aff., ¶ 11, Exhibit H)

17. Plaintiff also took time to pay her bills balance her checkbook and do other personal tasks during working hours, once again taking unauthorized breaks (Li Aff., ¶ 10, Exhibit I)

18. In addition to her breaks plaintiff frequently came late, left early, and took off entire days. (Li Aff., ¶ 12, Exhibit I)

19. Plaintiff regularly came at least 15 minutes late. (Li Aff., ¶ 15, Exhibit I)

20. Plaintiff also regularly left over an hour early (Li Aff., ¶ 15, Exhibit I)

21. Plaintiff also took off entire days from work (Li Aff. ¶ 12 (a), Exhibit I)

22. During the summer of 2004, plaintiff took off every other Wednesday to go to amusement parks and to the shore to go jet skiing. (Li Aff., ¶ 12 (a), Exhibit I)

23. Plaintiff never worked a 40 hour week during her time at Eurovision. (Haddad Dep., April 23, 2007, 48/20-21, Exhibit E)

24. Plaintiff was frequently admonished by Dr. Haddad for her failure to do work when she was supposed to. (Li Aff., ¶ 13, Exhibit I)

25. Because of her frequent disregard for the store's hours, Dr. Haddad (although not required to do so) and plaintiff worked out a system of docking pay for lateness in an effort to assist plaintiff comply with her worktime obligations (Haddad Dep., April 23, 2007, 17/16-17, Exhibit E)

26. Dr. Haddad and plaintiff decided that plaintiff would only be docked pay if plaintiff was 15 minutes late and had no good excuse. (Haddad Dep., April 23, 2007, 17/16-24, Exhibit E)

27. Deductions weren't made to plaintiff's pay when she left early for valid reasons such as doctor's appointments. (Haddad Dep., April 23, 2007, 18/16-20, Exhibit E)

28. Notwithstanding the foregoing "graces", plaintiff frequently "crossed the line" and consequently caused deductions made from her paycheck for time she did not work. (Haddad Dep., April 23, 2007, 18/8-12, Exhibit E)

29. Plaintiff was paid $960 every two weeks minus deductions (Haddad Dep., April 23, 2007, 13/2-8, 10/3-23), Exhibit E)

30. Aside from coming in more than fifteen minutes late, leaving work more than an hour early and taking unauthorized "shopping" breaks, plaintiff's family also visited her at the store at which times plaintiff took off additional time (Li Aff. ¶ 12 (f), Exhibit I)

31. Plaintiff's calculations of her hours  are based on hours the store was open and not on hours she actually worked, the latter being significantly less than the former and well under 40 hours per week (Plaintiff's Amended Initial Disclosures, Exhibit D, Li Aff. ¶¶ 8, 12, 14, 15, Exhibit I)

32. Included among the hours allegedly worked are Saturdays when plaintiff did not work and full days on Saturday which in fact were at least two hours less than a week day. (Plaintiff's Amended Initial Disclosures, Exhibit D, Li Aff. ¶ 11, Exhibit I)

Dated: New York, New York
      June 4, 2007

                                    Ballon Stoll Bader & Nadler, P.C.
                                    Defendant's Attorneys

                                    By: _____
                                        MARSHALL B. BELLOVIN (5508)
                                        1450 Broadway, 14th Floor
                                        New York, New York 10018
                                        (212) 575-7900

O:\BELLOVIN\ED-JAVONNE INC\MSJ\rule 56 1 statement 6_4_07.doc

5



440  (Rev. 8/01) Summons in a Civil Action                                                4/4/06

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

BERTHA BEDOYA

V.

ED-JAVONNE INC. d/b/a EUROVISION
OPTICAL CORP.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

# 06 CV 2313

PLEASE SUBMIT

TO: (Name and address of Defendant)

EUROVISION OPTICAL CORP.
107 West 37th Street
New York, NY 10018

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

The Law Office of Justin A. Zeller, P.C.
222 Broadway, 19th Floor
New York, NY 10038

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of his summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you fo  the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Cl rk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

Cl  RK

_Marcos Quintero_

(B  DEPUTY CLERK

MAR 2 4 2006

DATE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.:

06 Cv 2313

BERTHA BEDOYA,

    Plaintiff,

v.

ED-JAVONNE INC., d/b/a
EUROVISION OPTICAL CORP.,

    Defendant.

_____/





## COMPLAINT

    1.    Plaintiff BERTHA BEDOYA (hereinafter referred to as "Plaintiff"), was an employee of Defendant ED-JAVONNE INC. d/b/a EUROVISION OPTICAL CORP. (hereinafter referred to as "Defendant"), and brings this action for overtime compensation, and other relief under both the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b), and New York Labor Law.  Plaintiff performed clerical services in New York, New York.

    2.    Defendant is a New York corporation that operates and conducts business in New York, New York, and is within the jurisdiction of this Court.

    3.    This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. §216(b)(the Act).

4.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 <u>et</u> <u>seq.</u>, and Art. 19, §§ 650 <u>et seq.</u> (collectively "NYLL"), she is entitled to unpaid overtime wages from Defendant for her work beyond 40 hours per week, liquidated damages equal to 25 percent of her unpaid overtime wages, and attorney's fees and costs.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b).  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  At all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s).

6.      Venue is proper in the Southern District of New York Pursuant to 28 U.S.C. § 1391(b) and (c).

7.      At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§201-209, in that Plaintiff performed services for Defendant for which no provisions were made by the Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) hours per week during one or more workweeks.

8.      In the course of employment with Defendant, Plaintiff was not paid time and one-half of her regular rate of pay for all hours worked in excess of forty (40) hours per workweek during one or more workweeks.

9.      The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession and custody of Defendant.

2

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### UNDER FAIR LABOR STANDARDS ACT

10.    Plaintiff readopts and realleges all allegations contained in paragraphs 1 through 9 above.

11.    Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.  Plaintiff regularly worked overtime hours.

12.    By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurred costs and reasonable attorney's fees.

13.    As a result of Defendant's willful violation of the Act, Plaintiff is entitled to liquidated damages.

## COUNT III
### NY MINIMUM WAGE/OVERTIME COMPENSATION

14.    Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 13 above.

15.    At all times relevant to this action, Plaintiff was an employee of Defendant, and Defendant was Plaintiff's employer, as defined by N.Y. Labor Law §§ 2(5), 2(6), 651(5) and 651(6).

16.    Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

3

17.     Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant her unpaid overtime compensation and an additional twenty-five (25) percent as liquidated damages, reasonable attorney's fee, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

18.     As a result of the foregoing, Plaintiff has been injured, and Defendant has profited thereby, in an amount to be proven at trial.


WHEREFORE, Plaintiff requests that this Court grant the following relief:

    i.      Declare Defendant's conduct complained of herein to be a violation of Plaintiff's rights under the Fair Labor Standards Act and the New York Labor Law;

    ii.     Award Plaintiff unpaid overtime compensation due under the Fair Labor Standards Act and an additional equal amount as liquidated damages because of Defendant's willful failure to pay overtime pay, pursuant to 29 U.S.C. § 216;

    iii.    Award Plaintiff prejudgment interest;

    iv.     Award Plaintiff the costs of this action together with reasonable attorney's fees; and such other and further relief as this court deems necessary and proper.

4

DATED this 22nd day of March 2006.

THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
222 BROADWAY, 19th Floor
New York, NY 10038
Tel: (212) 897-5859
Fax: (212) 860-9169


JUSTIN A. ZELLER
J.Z.7094

5



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BERTHA BEDOYA,

                         Plaintiff,                          06 cv 2313 (RWS)

            -against-                                        **ANSWER**

ED-JAVONNE INC., d/b/a
EUROVISION OPTICAL GROUP,

                         Defendant.
-------------------------------------------------------------X

     Defendant Ed-Javonne Inc., d/b/a Eurovision Optical Group (hereinafter "defendant" and/or "Eurovision Optical") responds to the Complaint of plaintiff Bertha Bedoya (hereinafter "plaintiff" and/or "Bedoya"), upon information and belief, as follows:

     1.     Defendant avers that the allegations contained in Paragraph 1 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations contained in Paragraph 1 of the Complaint. In addition, defendant denies that plaintiff performed only clerical services for defendant.

     2.     Defendant avers that the allegations contained in Paragraph 2 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required, defendant admits the allegations contained in Paragraph 2 of the Complaint.

     3.     Defendant avers that the allegations contained in Paragraph 3 of the Complaint calls for legal conclusions to which no response is required. To the extent a

response is required, defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant avers that the allegations contained in Paragraph 4 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Defendant avers that the allegations contained in Paragraph 5 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant avers that the allegations contained in Paragraph 6 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 7 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Admit.

### COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## UNDER FAIR LABOR STANDARDS ACT

10.    Defendant avers that the allegations contained in Paragraph 10 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.    Defendant avers that the allegations contained in Paragraph 12 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 10 of the Complaint.

13.    Defendant avers that the allegations contained in Paragraph 13 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 10 of the Complaint.

### COUNT II
## NY MINIMUM WAGE/OVERTIME COMPENSATION

14.    Defendant avers that the allegations contained in Paragraph 14 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant avers that the allegations contained in Paragraph 10 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant admits plaintiff was an employee of defendant.

16.     Defendant avers that the allegations contained in Paragraph 16 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant avers that the allegations contained in Paragraph 17 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant avers that the allegations contained in Paragraph 18 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required, defendant denies the allegations contained in Paragraph 18 of the Complaint.

## GENERAL DENIAL

19.     Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20.     Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21.    As Assistant Manager of Eurovision Optical plaintiff worked in a "bona fide executive, administrative or professional capacity," and is exempt from overtime requirements under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.1-3 and New York Labor Law

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22.    Plaintiff did not work a workweek in excess of forty hours and thus, is not entitled to overtime pay, as provided under the FLSA or New York Labor law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23.    Plaintiff, as an Assistant Manager at Eurovision Optical, is not entitled to overtime payments because, as provided under 29 C.F.R. § 541, *et seq.*, she was a salaried employee who received no less than the level of compensation specified in 29 C.F.R. § 541.3(3), regularly received predetermined payments each pay period and her compensation was not subject to reduction based on the quality or quantity of the work she performed.

24.    Defendant reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

Dated: New York, New York
       May 26, 2006

BALLON STOLL BADER & NADLER, P.C.

By: _____
      MARSHALL B. BELLOVIN (5508)
      *Attorneys for Defendant*
      1450 Broadway, 14th Floor
      New York, New York  10018
      (212) 575-7900

To:    The Law Office of Justin A. Zeller, P.C.
*Attorneys for Plaintiff*
222 Broadway, 19th Floor
New York, New York 10038
(212) 897-5859

O:\BELLOVIN\HADDAD\Answer.Doc

## CERTIFICATE OF SERVICE BY EXPRESS MAIL

I, RACHEL S. ROTHSCHILD, certify pursuant to the penalties of perjury as follows:

1.      I am an associate of Ballon Stoll Bader & Nadler, P.C., attorneys for the plaintiffs; I am not a party to this action; I am over 18 years of age and I reside in New York, New York.

2.      On May 26, 2006, I served one true copy of the within **Answer** on the attorneys listed below at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in an Express Mail postpaid, properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

> Justin A. Zeller, Esq.
> The Law Office of Justin A. Zeller, P.C.
> 222 Broadway. 19th Floor
> New York, NY 10038
> (212) 897-5859

Dated: New York, New York
          May 26, 2006

_Rachel S Rothsc_
_____
          Rachel S. Rothschild

O:\BELLOVIN\Haddad\Atty Aff Of Serv 5 26 06.Doc

## CERTIFICATE OF SERVICE BY EXPRESS MAIL

I, RACHEL S. ROTHSCHILD, certify pursuant to the penalties of perjury as follows:

1.      I am an associate of Ballon Stoll Bader & Nadler, P.C., attorneys for the plaintiffs; I am not a party to this action; I am over 18 years of age and I reside in New York, New York.

2.      On May 26, 2006, I served one true copy of the within **Answer** and **Rule 7.1 Statement** on the attorneys listed below at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in an Express Mail postpaid, properly addressed wrapper in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Justin A. Zeller, Esq.
The Law Office of Justin A. Zeller, P.C.
222 Broadway. 19th Floor
New York, NY 10038
(212) 897-5859

Dated: New York, New York
       May 26, 2006

_____
Rachel S. Rothschild

O:\BELLOVIN\Haddad\Atty Aff Of Serv 5 26 06.Doc



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 06 CV 2313 (SWEET)

BERTHA BEDOYA,

     Plaintiff,

v.

ED-JAVONNE INC., d/b/a
EUROVISION OPTICAL CORP.,

     Defendant.

_____ /

## PLAINTIFF'S INITIAL DISCLOSURES

     Pursuant to the Federal Rules of Civil Procedure Plaintiff, Bertha Bedoya, makes the following Initial Disclosures as follows:

1.     Plaintiff identifies the following names, addresses, and telephone numbers of individuals likely to have discoverable information that Plaintiff may use to support her claims:

| Name | Information Known |
|---|---|
| Plaintiff Bertha Bedoya<br>c/o The Law Office of Justin A. Zeller, P.C.<br>222 Broadway, 19th Floor<br>New York, NY 10038<br>(212) 897-5859 | Plaintiff has knowledge regarding her hours worked, amounts paid by Defendants, and Defendants' payroll policies and procedures. |
| Michelle Guzman<br>(347) 865-2956<br>address unknown | Worked in sales at the Defendant's business and has knowledge of Plaintiff's schedule and hours worked. |
| Liani Irizary<br>(646)322-8469<br>address unknown | Assistant to Plaintiff and Manager Simon Li at Defendant store and has knowledge of Plaintiff's schedule and hours worked. |

| Simon Li<br>(347) 224-0128<br>address unknown | Manager at Defendant store and has knowledge of Plaintiff's schedule, hours worked, and pay earned. |
| --- | --- |

2.    Plaintiff identifies the following documents that she may use to support her claims: (a) any and all time records regarding Plaintiffs' employment with Defendant; (b) any and all pay records regarding Plaintiff's employment with Defendant.

3.    Plaintiff cannot accurately compute the damages she is seeking at this time as discovery is ongoing and Defendant has not yet produced Plaintiff's pay and time records in their possession.

4.    Plaintiff is unaware of any insurance policy governing her employment with Defendant that would relate to her claims.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via

facsimile and U.S. Mail to Marshall Bellovin c/o Ballon Stoll Bader and Nadler, P.C. at

1450 Broadway, 14th Floor, New York, NY 10018, this <u>15th</u> day of May 2006.

> THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
> 222 Broadway, 19th Floor
> New York, NY 10038
> Tel: 212-897-5859
> Fax: 212-860-9169
> E-Mail: **jazeller@zellerlegal.com**
>
> **/s JUSTIN A. ZELLER**
> JUSTIN A. ZELLER
> JZ 7094



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 06 CV 2313 (SWEET)

BERTHA BEDOYA,

      Plaintiff,

v.

ED-JAVONNE INC., d/b/a
EUROVISION OPTICAL CORP.,

      Defendant.

_____/

## PLAINTIFF'S AMENDED INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff,

Bertha Bedoya ("Plaintiff"), by and through its undersigned counsel, hereby provides its

Initial Disclosure prior to discovery and states as follows:

A.    **The Name, If Known, The Address And Telephone Number Of Each Individual Likely To Have Discoverable Information That Plaintiff May Use to Support Its Claims Or Defenses Unless Solely For Impeachment:**

1.    Plaintiff Bertha Bedoya; c/o The Law Office of Justin A. Zeller, P.C., 222 Broadway, 19th Floor, New York, NY 10038.  Communication with Plaintiff is permitted only through counsel for Plaintiff.

2.    Anibal Torres; 108-50 63rd Road 2nd Fl., Forest Hills, N.Y., 11375; 718.459.6774

3.    Italo Bedoya; 61-25 98th Street Apt. 6B, Rego Park, NY 11374.

4.    Boris Bedoya; 61-25 98th Street Apt. 6B, Rego Park, NY 11374.

5.    Bertha A. Bedoya; 61-25 98th Street Apt. 6B, Rego Park, NY 11374.

5.    Dr. Edmond Haddad; c/o Eurovision Optical Corp., 107 West 37th Street, New York, N.Y. 10018; 212.564.2112.c/o

6.    Chin Li a.k.a. "Simon," c/o Eurovision Optical Corp., 107 West 37th Street, New York, N.Y. 10018; 212.564.2112.

7.    Liana Irizary; c/o Eurovision Optical Corp., 107 West 37th Street, New York, N.Y. 10018; 212.564.2112.

8.    Ramon Luna; address and phone number unknown.

9.    Mark Diamond; address and phone number unknown.

Plaintiff is unaware of the identity of other individuals likely to have information that Plaintiff may use to supper its claims.  Plaintiff will continue its pretrial investigation and supplement its Initial Disclosure or respond to pretrial discovery requests as appropriate.

B.    **A Copy Of Or A Description By Category And Location Of, All Documents Data Compilations, And Tangible Things That Are In The Possession, Custody Or Control Of Plaintiff And Which Plaintiff May Use To Support Its Claims Or Defenses, Unless Solely For Impeachment:**

See attached paystubs.

C.    **A Computation Of Plaintiff's Damages:**

**SCHEDULE AND SALARY**

In approximately January of 2001, Plaintiff began working for defendant fulltime. From January 1, 2001 until January 1, 2003, Plaintiff was paid approximately $840.00 by check, and $360.00 in cash every two weeks.  Plaintiff's work schedule from approximately January 1, 2001 until January 1, 2003 was as follows:

| | |
|---|---|
| Monday: | 9:00 a.m. to 6:00 p.m. |
| Tuesday: | 9:00 a.m. to 6:00 p.m. |
| Wednesday: | 9:00 a.m. to 6:00 p.m. |
| Thursday: | 9:00 a.m. to 7:00 p.m. |

| | | |
|---|---|---|
| Friday: | 9:00 a.m. to 6:00 p.m. | |
| Saturday: | 10:00 a.m. to 5:00 p.m. | |
| **Total** | **53 Hours** | |

Beginning on approximately January of 2003, Plaintiff ceased working Saturdays. From January 1, 2003 until August 16, 2005, Plaintiff was paid approximately $960.00 in check, and $240.00 in cash every two weeks. From approximately January of 2003 until August 16, 2005, plaintiff's work schedule was as follows:

| | | |
|---|---|---|
| Monday: | 9:00 a.m. to 6:00 p.m. | |
| Tuesday: | 9:00 a.m. to 6:00 p.m. | |
| Wednesday: | 9:00 a.m. to 6:00 p.m. | |
| Thursday: | 9:00 a.m. to 7:00 p.m. | |
| Friday: | 9:00 a.m. to 6:00 p.m. | |
| **Total** | **46 Hours** | |

## HOURLY CALCULATION:

January 1, 2001 until January 1, 2003

Plaintiff worked 53 hours per week from January 1, 2001 until January 1, 2003 while earning approximately $1,200.00 every two weeks, or $600.00 per week. Plaintiff's hourly rate was as follows: $600 divided by 53 hours = $11.32 per hour.

January 1, 2003 until August 16, 2005

Plaintiff worked 46 hour per week from January 1, 2003 until August 16, 2005 while earning approximately $1,200.00 every two weeks, or $600.00 per week. Plaintiff's hourly rate was as follows: $600 divided by 46 hours = $13.04 per hour.

## BACK WAGES AND DAMAGE CALCULATIONS:

The time period for which Plaintiff seeks to recover unpaid overtime compensation and damages is from January 2001 until August 16, 2005. Since this action was filed on March 24, 2006, the federal statue of limitation and its damages provisions apply from March 24, 2003 until August 16, 2005.

## UNPAID OVERTIME FROM JANUARY 1, 2001 UNTIL JANUARY 1, 2003

From January 1, 2001, until January 1, 2003 Plaintiff worked approximately one hundred (100) weeks. Plaintiff earned $600.00 per week, working 53 hours a week, or $11.32 per hour. Plaintiff is owed half of her hourly rate for every hour over 40 for every week from January 1, 2001 until January 1, 2003. Therefore, plaintiff is owed $5.66 (half of $11.32) for 13 hours per week, or $73.58 per week for 100 weeks, or $7,358.00.

UNPAID OVERTIME FROM JANUARY 1, 2003 UNTIL MARCH 24, 2003

From January 1, 2003 until March 24, 2003, Plaintiff worked approximately eleven weeks (11) weeks.  Plaintiff earned $600.00 per week, working 46 hours a week, or $13.04 per hour.  Plaintiff is owed half of her hourly rate for every hour over 40 for every week from January 1, 2003 until March 24, 2003.  Therefore, plaintiff is owed $6.52 (half of $13.04) for 6 hours per week, or $39.12 per week for 11 weeks, or $430.32.

**Total unpaid overtime from January 1, 2001 until March 24, 2003:**

**$7,358.00 + $430.32 = $7,788.32 (1.25 state damages) = $9,735.40**

UNPAID OVERTIME FROM MARCH 24, 2003 UNTIL AUGUST 16, 2005

From March 24, 2003 until August 16, 2005, Plaintiff worked approximately 127 weeks. Plaintiff earned $600.00 per week, working 46 hours a week, or $13.04 per hour. Plaintiff is owed half of her hourly rate for every hour over 40 for every week from March 24, 2003 through August 16, 2005.  Therefore, plaintiff is owed $6.52 (half of $13.04) for 6 hours per week, or $39.12 per week for 127 weeks, or $4,968.24.

**Total unpaid overtime from March 24, 2003 until August 16, 2005:**

**$4,968.24 (2 federal damages) = $9,936.48**

TOTAL UNPAID OVERTIME AND DAMAGES: $9,735.40 + $9,936.48 = **$19,671.88**.

**D.**      **The Ability to Copy And Inspect The Contents Of An Pertinent Insurance Agreement:**

Not Applicable.

**E.**      **Reservation Of Rights And Amendments:**

The responses set forth herein are made without waiving:

1.      the right to object on the grounds of competency, privilege, relevancy, materiality or any other proper ground to the use of material produced herein, for any purpose, in whole or in part, in any subsequent proceeding in this action or in any other action;