UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

BERTHA BEDOYA,                              06 Civ. 02313

             Plaintiff,            OPINION

   -against-

ED-JAVONNE INC., d/b/a
EUROVISION OPTICAL GROUP,

             Defendant.

------------------------------------------X

A P P E A R A N C E S:

   Attorney for Plaintiff

   The Law Office of Justin A. Zeller, P.C.
   222 Broadway
   19th Floor
   New York, NY 10038
   By:   Justin Alexander Zeller

   Attorneys for Defendant

   Ballon, Stoll, Bader and Nadler
   1450 Broadway
   New York, NY 10018
   By:   Marshall Benjamin Bellovin
        Rachel Sara Rothschild

**Sweet, D.J.**

Defendant Ed-Javonne Inc. d/b/a Eurovision Optical Corp. ("Eurovision," or "Defendant") has moved pursuant to Rule 56, Fed. R. Civ. P., for summary judgment dismissing the complaint of its former employee Bertha Bedoya ("Bedoya," or "Plaintiff") seeking overtime payments under the Fair Labor Standards Act, 29 U.S.C. §§ 201-209, 216(b) (2005), and New York Labor Law, N.Y. Lab. Law art. 6, §§ 190-199, art. 19, §§ 650-665 (Consol. 2007). The motion was marked fully submitted on June 27, 2007.[1] For the reasons set forth below, the motion is denied.

**The Summary Judgment Standard**

In deciding a motion for summary judgment, a court shall render judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] Bedoya filed a contemporaneous motion for summary judgment, however, the parties subsequently stipulated to the withdrawal of that motion with prejudice.

matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

The moving party has the initial burden of showing that there are no material facts in dispute, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970), and can discharge this burden by demonstrating that there is an absence of evidence to support the nonmoving party's case, Celotex, 477 U.S. at 325. The nonmoving party then must come forward with "specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), as to every element "essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion." Eastway Constr. Corp. v. New York, 762 F.2d 243, 249 (2d Cir. 1985). However, the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If there is not,

summary judgment is proper. See id. at 249-50.

**Defendant's Motion for Summary Judgment is Denied**

The Defendant's Local Rule 56.1 Statement and the Plaintiff's Response establish that there are material facts in dispute as to whether or not Bedoya worked 40-hour weeks while in Eurovision's employ, the existence of a one-hour lunch break, the duration of afternoon breaks, the conduct of personal business during the workday, hourly attendance, and time off taken.

Because of the existence of material factual disputes, Eurovision's motion for summary judgment is denied.

It is so ordered.

**New York, N.Y.**
**December /9 , 2007**

**ROBERT W. SWEET**
**U.S.D.J.**